IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495 1:13-md-2495-TWT |
| MICHAEL MAZZA, et al., Plaintiffs, v. ATLAS ROOFING CORPORATION, Defendant. | CIVIL ACTION FILE NO. 1:13-CV-4218-TWT |

**OPINION AND ORDER**

This is a multi-district action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 66] Count III, Count IV, Count VI, and Count VII of the Plaintiffs Michael Mazza, Linda Krehlik, and Robert Johnson's Amended Complaint. For the reasons set forth below, the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 66] is GRANTED in part and DENIED in part.

# I. Background

The Plaintiffs Michael Mazza, Linda Krehlik, and Robert Johnson are purchasers of the Atlas Chalet Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendant Atlas Roofing Corporation ("Atlas").[1] Atlas represented and continues to represent – in marketing material and on the Shingles packaging – that the Shingles meet applicable building codes and industry standards.[2] Atlas also provides a limited thirty-year warranty against manufacturing defects.[3]

The Plaintiffs claim that the Shingles are defective due to a flaw in the manufacturing process. This process – which allegedly does not conform to applicable building codes and industry standards – "permits moisture to intrude into the Shingles, creating a gas bubble that expands when the Shingles are exposed to the sun resulting in cracking, blistering and premature deterioration of the Shingles."[4] The Plaintiffs filed suit in the U.S. District Court for the Middle District of Tennessee,[5] asserting

---

[1] Am. Compl. ¶ 2.

[2] Am. Compl. ¶ 51.

[3] Am. Compl. ¶ 52.

[4] Am. Compl. ¶ 59.

[5] "[I]n multidistrict litigation under 28 U.S.C. § 1407, the transferee court applies the state law that the transferor court would have applied." In re Conagra Peanut Butter Products Liab. Litig., 251 F.R.D. 689, 693 (N.D. Ga. 2008); see also In re Temporomandibular Joint (TMJ) Implants Products Liab. Litig., 97 F.3d 1050,

claims for: breach of the express warranty (Count I), breach of the implied warranties (Count II), negligent design (Count III), unjust enrichment (Count IV), fraudulent concealment (Count V), and strict products liability (Count VI). The Plaintiffs seek damages, litigation expenses, and equitable relief.[6] The Defendant moves to dismiss Count III, Count IV, Count VI, and the Plaintiffs' request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most

---

1055 (8th Cir. 1996) ("When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation."). Here, both parties appear to agree that Tennessee law governs the Plaintiffs' state law claims.

[6] The Plaintiffs' request for equitable relief was labeled Count VII.

[7] <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6).

[8] <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007).

favorable to the plaintiff.[9] Generally, notice pleading is all that is required for a valid complaint.[10] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[11]

### III. Discussion

#### A. Injunctive and Declaratory Relief

The Plaintiffs request that the Court issue an injunction mandating that the Defendant:

1. "[N]otify owners of the defect,"[12]
2. "[R]eassess all prior warranty claims and . . . pay the full costs of repairs,"[13]
3. "[R]eplace defective Chalet shingles with non-Chalet shingles that are free of defect and are cosmetically similar,"[14] and

---

[9] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[10] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[11] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

[12] Am. Compl. ¶ 147.

[13] Id.

[14] Id.

Case 3:18-cv-00691   Document 78   Filed 06/24/15   Page 4 of 13 PageID #: 589

4. "[P]ay the costs of inspection to determine whether any Class Member's Shingles needs replacement."[15]

The Plaintiffs also request that the Court issue a declaratory judgment stating, *inter alia*:

> 1. "That the Shingles have a defect which results in premature failure,"[16]
> 2. "That [the Defendant's] warranty fails of its essential purpose,"[17]
> 3. That the "Defendant's warranty as a whole is void as unconscionable,"[18] and
> 4. That the "Defendant's warranty disclaimers are void as unconscionable."[19]

To begin, the Plaintiffs' request for injunctive relief must be dismissed. Injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is *no adequate legal remedy*."[20] Here, the Defendant argues – correctly – that the Plaintiffs do not even allege that legal remedies would be inadequate. Monetary damages would sufficiently compensate the Plaintiffs for the Shingles that have blistered and/or cracked. In

---

[15] Id.

[16] Id.

[17] Id.

[18] Id.

[19] Id.

[20] Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) (emphasis added).

Case 3:18-cv-00691   Document 78   Filed 06/24/15   Page 5 of 13 PageID #: 590

response, the Plaintiffs argue that they are allowed to plead alternative and inconsistent claims.[21] But the problem here is not that the Plaintiffs' request for injunctive relief is inconsistent with their other claims, it is that they have failed to state a plausible claim for injunctive relief to begin with.[22]

To receive declaratory relief, however, the Plaintiffs do not have to establish irreparable injury or the inadequacy of legal remedies.[23] In moving to dismiss the claim for declaratory relief, the Defendant first argues that the Plaintiffs do not have standing because the requested declarations will not redress their injury.[24] To satisfy

---

[21] Pls.' Resp. Br., at 5.

[22] As a technical matter, the Court must dismiss the Plaintiffs' first requested injunction – that the Defendant must notify owners of the defect – on jurisdictional grounds. "[S]tanding is a threshold jurisdictional question which must be addressed prior to . . . the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id. "To have Article III standing to pursue injunctive relief . . . a plaintiff must have . . . an injury in fact that is capable of being redressed by the injunction." Virdi v. Dekalb Cnty. Sch. Dist., 216 Fed. Appx. 867, 871 (11th Cir. 2007). Here, the Defendant correctly notes that the Plaintiffs would not benefit from this injunction. If, during this litigation, it is established that the Shingles are indeed defective, it is unclear what the Plaintiffs would gain from having the Defendant simply notify them of this fact.

[23] See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) ("[A]llegations that irreparable injury is threatened are not required."); Katzenbach v. McClung, 379 U.S. 294, 296 (1964) ("Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists.").

[24] Def.'s Mot. to Dismiss, at 13-14.

Case 3:18-cv-00691   Document 78   Filed 06/24/15   Page 6 of 13 PageID #: 591

the constitutional case-or-controversy requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[25] The Plaintiffs may establish redressability if they show that the "practical consequence" of the declaratory relief "would amount to a significant increase in the likelihood that the [Plaintiffs] would obtain relief that directly redresses the injury suffered."[26] Here, the requested declarations – e.g., that the Shingles are defective – would make it more likely that the Plaintiffs would obtain the necessary relief from the Defendant because it would establish an essential component to liability. And although the Plaintiffs' remaining claims may provide more direct relief, the Declaratory Judgment Act allows plaintiffs to seek a declaration of rights "whether or not further relief is or could be sought."[27]

The Defendant then argues that the Court ought to use its discretion to decline the Plaintiffs' declaratory relief request because it overlaps with other claims brought in this action.[28] For example, the Defendant argues that many of the Plaintiffs' other claims will require a determination as to whether the Shingles were defective. The

---

[25] Allen v. Wright, 468 U.S. 737, 751 (1984).

[26] Utah v. Evans, 536 U.S. 452, 464 (2002).

[27] 28 U.S.C. § 2201.

[28] Def.'s Mot. to Dismiss, at 16.

"Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[29] In the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[30] The "range of considerations available to the district court in deciding whether to entertain the declaratory action is vast."[31] The Eleventh Circuit "has previously recognized convenience of the parties . . . as relevant."[32] Here, the Plaintiffs' argument is that – assuming they successfully obtain class certification – there may be class members whose Shingles have not yet blistered or cracked. Consequently they will not have ripe claims for breach of warranty. Thus, there will be no redundancy for these class members because – at the time of litigation – they will *only* qualify for declaratory relief.[33] This is a permissible purpose for seeking

---

[29] Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

[30] Id. at 288.

[31] Manuel v. Convergys Corp., 430 F.3d 1132, 1137-38 (11th Cir. 2005).

[32] Id. at 1135.

[33] The Seventh Circuit explained the mechanics of such an approach when it affirmed a district court's decision to certify two classes in a products liability suit:

> The court split the purchasers of windows into two groups: those who have replaced their windows, and those who have not. Those who have replaced their windows are properly members of the (b)(3) class because they require the

declaratory relief.[34] And given that the Court will have to resolve nearly identical factual issues with the other claims, it would be an efficient use of judicial resources to permit this declaratory judgment claim.

Finally, the Defendant argues that the Plaintiffs' declaratory judgment claim must be dismissed because it abridges the Defendant's right to a jury trial.[35] But as the Eighth Circuit Court of Appeals has explained, "[a] litigant is not necessarily deprived of a jury trial merely because it is a party to a declaratory judgment action . . . if there would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory

---

    award of damages to make them whole. Those who have not replaced their windows but might in the future because of the purported design flaw are properly members of a (b)(2) class. Such purchasers would want declarations that there is an inherent design flaw, that the warranty extends to them and specific performance of the warranty to replace the windows *when they manifest the defect*, or final equitable relief.

Pella Corp. v. Saltzman, 606 F.3d 391, 395 (7th Cir. 2010) (emphasis added).

[34] See Hardware Mut. Cas. Co. v. Schantz, 178 F.2d 779, 780 (5th Cir. 1949) ("The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.").

[35] Def.'s Mot. to Dismiss, at 14-16.

T:\ORDERS\13\Atlas Roofing\13md2495 (MDL caption)\mtdtwt[Doc 66].wpd    -9-

Case 3:18-cv-00691  Document 78  Filed 06/24/15  Page 9 of 13 PageID #: 594

judgment action."[36] Accordingly, the Plaintiffs may pursue their claim for declaratory relief for now.

**B. Unjust Enrichment**

The Defendant argues that the Plaintiffs have failed to state a plausible unjust enrichment claim because they have alleged the existence of an express warranty. Under Tennessee law, "it is well settled that the quasi-contractual liability inherent in the equitable theory of unjust enrichment cannot be properly asserted in a case where a valid contract exists on the same subject matter."[37] Here, the Plaintiffs allege that the Defendant issued them a warranty, and warranties are essentially contracts.[38] In fact, for their unjust enrichment Count, the Plaintiffs incorporate every antecedent

---

[36] Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1098-99 (8th Cir. 1997); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) ("[T]he Declaratory Judgment Act . . . specifically preserves the right to jury trial for both parties."); Simler v. Conner, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested . . . [and] the courts below erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment.").

[37] Williams v. Platinum Co., No. 01-A-01-9404-CV-00180, 1994 WL 615701, at *3 (Tenn. Ct. App. Nov. 4, 1994).

[38] See Daugherty v. Sony Electronics, Inc., No. E2004-02627-COA-R3CV, 2006 WL 197090, at *6 (Tenn. Ct. App. Jan. 26, 2006) ("[T]he Limited Warranty provided by Sony certainly constitutes a contract between Sony and Plaintiff.").

allegation,[39] which includes the allegation that there is an express warranty.[40] Consequently, based on the allegations in the Amended Complaint, the Plaintiffs have not stated a plausible unjust enrichment claim.

In response, the Plaintiffs argue that the parties "dispute . . . the enforceability, scope and breadth of the Limited Warranty."[41] For example, the Plaintiffs note that "even Atlas agrees that the parties dispute the extent to which the limitations in Atlas Limited Warranty are enforceable."[42] Although the Plaintiffs argue that the limitations within the Limited Warranty are invalid,[43] they are not arguing – at least in their Response Brief – that the Limited Warranty is entirely unenforceable. Indeed, their first Count is predicated on this warranty.

The Plaintiffs then argue that they are asserting their unjust enrichment claim in the alternative. They argue that "[e]ven if their warranty claims fail, [they] may still be entitled to recover under an unjust enrichment claim."[44] But an unjust enrichment

---

[39]    Am. Compl. ¶ 118.

[40]    Am. Compl. ¶ 82.

[41]    Pls.' Resp. Br., at 14.

[42]    Pls.' Resp. Br., at 14 (internal quotation marks omitted).

[43]    Am. Compl. ¶ 90.

[44]    Pls.' Resp. Br., at 15.

claim requires the absence of a contract, not just the absence of a successful contract *claim*. Accordingly, the Plaintiffs' unjust enrichment claim should be dismissed.

### C. Negligent Design and Strict Products Liability

The Defendant argues that the negligent design and strict products liability claims must be dismissed due to the economic loss rule. The economic loss rule "precludes recovery in tort when a product damages itself without causing personal injury or damage to other property."[45] Here, the Plaintiffs only adequately allege an injury to the Shingles themselves. Although the Amended Complaint contains a vague allegation that other property was damaged,[46] a party must do more than "tender[] naked assertion[s] devoid of further factual enhancement."[47]

In response, the Plaintiffs argue – citing to the case of <u>John Martin Co. v. Morse/Diesel, Inc.</u>[48] – that the economic loss rule is inapplicable because of the "misrepresentation exception." Under Tennessee law, "[a] plaintiff may maintain an

---

[45] <u>Lincoln Gen. Ins. Co. v. Detroit Diesel Corp.</u>, 293 S.W.3d 487, 489 (Tenn. 2009).

[46] Am. Compl. ¶ 117.

[47] <u>Iqbal</u>, 556 U.S. at 678.

[48] 819 S.W.2d 428, 429 (Tenn. 1991).

action for purely economic loss based upon . . . negligent misrepresentation."[49] This exception, however, appears to only apply to specific tort claims; e.g., negligent misrepresentation.[50] The Plaintiffs cite to no authority for their broad reading of this exception: that if a party alleges a misrepresentation, then any and all tort claims – even those for which "misrepresentation" is not an element – survive the economic loss rule. Accordingly, the Plaintiffs' negligent design and strict product liability claims should be dismissed.

### IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 66].

SO ORDERED, this 24 day of June, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[49] Amsouth Erectors, LLC v. Skaggs Iron Works, Inc., No. W2002-01944-COA-R3-CV, 2003 WL 21878540, at *4 (Tenn. Ct. App. Aug. 5, 2003).

[50] See id. at *4-5 ("In order to come within the exception noted in *John Martin* a party must assert a claim for negligent misrepresentation. The initial complaint filed by AmSouth, as well as their amended complaint, allege only 'negligence' by [the defendants]. . . . [T]he grant of summary judgment as to this 'claim' was proper.").

Case 3:18-cv-00691   Document 78   Filed 06/24/15   Page 13 of 13 PageID #: 598